

Shenoa Payne <spayne@paynelawpdx.com>

### Re: Privilege log [IWOV-pdx.FID3663076]

**John Coletti** <john@paulsoncoletti.com>                                                                                   Wed, Sep 6, 2017 at 4:14 PM
To: "Hansen, Richard" <rhansen@schwabe.com>, Tim Jones <tim@timjonespc.com>
Cc: "smith@bodyfeltmount.com" <smith@bodyfeltmount.com>, "Jamie T. Azevedo (Azevedo@bodyfeltmount.com)" <azevedo@bodyfeltmount.com>, "Talcott, Anne" <atalcott@schwabe.com>, "Gray, Cristy" <cgray@schwabe.com>, "Inirio, Jeniree R." <jinirio@schwabe.com>, Lisa Roelle <lisa@paulsoncoletti.com>, Julie Black <julie@timjonespc.com>, Shenoa Payne <spayne@paynelawpdx.com>

Thank you for the update.

As per our conversation today, following our attempts to confer, we still have a number of discovery issues which we will need Judge Aiken to help us resolve. I asked Lisa to contact the Judge's clerk to determine whether she prefers a formal motion or more informal letter from the parties. We learned that the Judge prefers a formal motion. As such, we will draft a motion addressing the areas in which we disagree. In order to clarify the requests in our 2nd RFP please accept this note as clarification. After reviewing the note, please let me know if your objections change. Otherwise, we will include these outstanding issues in the motion to move discovery along.

Regarding Request No. 34: I'm not interested in lawsuits filed by Pro Se plaintiffs for trivial claims involving minor injuries or inconveniences. I am interested in lawsuits involving claims for medical negligence which resulted in severe injuries and death. The provision of appropriate medical care is determined by national standards and is not jail specific, so lawsuits related to severe injuries and death are relevant to our case. Lastly, I'm certain that Corizon has access to the information about injuries which occurred while they were operating as Prison Health Systems and I cannot agree to be limited to a 2 year period.

Regarding Request No. 35: The manner in which Corizon manages withdrawal, regardless of the cause, is relevant to this lawsuit. I'm not asking Corizon to search all the records in every one of its facilities. I've seen enough of Corizon's record keeping that I suspect that this is information that Corizon tracks and is readily available for production. I'm happy to accept whatever documentation Corizon and Prison Health Systems maintain to identify the number and frequency of deaths due to withdrawal for the 10 year period prior to Ms. Pitkins death. I cannot agree to limit my request for lawsuits relating to deaths from withdrawal as this is clearly relevant and your willingness to produce only those lawsuits relating to opiate withdrawal for a 2 year period is too restrictive given the issues in our case.

Regarding Request No. 40: I've requested copies of all judgments entered against Corizon and related entities for a 10 year period for negligent medical care and punitive damages. Given the 1983 claim and claim for punitive damages, these are clearly relevant and I cannot agree to your limited willingness to produce documentation.

Regarding Requests No. 41 and 42: I am not interested in Pro Se claims which are trivial involving minor injuries or inconvenience. I am interested in lawsuits involving severe injuries and death which include claims and judgments for constitutional violations due to the provision of medical care. As you know, 1983 claims are based on the US Constitution and Corizon/Prison Health System's actions nationally are relevant to this case.

Lastly, you've agreed to produce a number of documents in response to the 2nd RFP which have not been produced. I would ask that you please review your response to see if your objections still stand. To the extent you've agree to produce documents, please do so in the next 10 days. Please also clarify in your responses whether responsive documents exist. Tim and I have signed the protective order so there should be no need for further delay.

Please let me know by Friday whether you're willing to reconsider your objections, otherwise we hope to file our motion by next week.

Best, John




John Coletti

Paulson Coletti Trial Attorneys P.C.

1022 NW Marshall, Suite 450

Portland, OR 97229

503-226-6361

john@paulsoncoletti.com


---

**From:** "Hansen, Richard" <RHansen@SCHWABE.com>
**Date:** Wednesday, September 6, 2017 at 1:57 PM
**To:** "john@paulsoncoletti.com" <john@paulsoncoletti.com>, "Tim Jones (tim@timjonespc.com)" <tim@timjonespc.com>
**Cc:** "smith@bodyfeltmount.com" <smith@bodyfeltmount.com>, "Jamie T. Azevedo (Azevedo@bodyfeltmount.com)" <Azevedo@bodyfeltmount.com>, Anne Talcott <ATalcott@SCHWABE.com>, "Gray, Cristy" <CGray@SCHWABE.com>, "Inirio, Jeniree R." <JInirio@SCHWABE.com>
**Subject:** Privilege log [IWOV-pdx.FID3663076]


John and Tim,

Per our just-completed conversation, I am enclosing the updated privilege log.  The original log contained the redactions to Exhibit A to your September 6, 2017 letter to Anne and me, but failed to cross reference the privileged documents to the original production.  This updated log accomplishes this cross reference.

Dick


**Richard K. Hansen**|Shareholder

**Schwabe** Williamson & Wyatt
Direct: 503-796-2958

rhansen@schwabe.com