IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RUSSELL PITKIN and MARY PITKIN, co-personal representatives of the Estate of MADALINE PITKIN, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CORIZON HEALTH, INC., a Delaware Corporation; CORIZON HEALTH, INC., a Tennessee Corporation; WASHINGTON COUNTY, a governmental body in the State of Oregon; JOSEPH MCCARTHY, MD, an individual; COLIN STORZ, an individual; LESLIE ONEIL, an individual; CJ BUCHANAN, an individual; LOUISA DURU, an individual; MOLLY JOHNSON, an individual; COURTNEY NYMAN, an individual; PAT GARRETT, in his capacity as Sheriff for Washington County; JOHN DOES 1-10; and JANE DOES 1-10,<br><br>Defendants. | Case No. 3:16-cv-02235-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

This dispute stems from the death of Madaline Pitkin, which occurred while she was in custody at Washington County Jail. At the time of Ms. Pitkin's death, defendant Corizon Health,

Page 1 – OPINION AND ORDER

Inc. ("Corizon") was a contractor for Washington County, providing inmate health services in the jail. Before me is a discovery dispute, in which plaintiffs (Ms. Pitkin's parents and personal representatives of Ms. Pitkin's estate) seek an extension of the discovery deadlines and leave to take additional depositions. Corizon opposes both motions. The parties disagree on the applicable legal standard under which courts may grant leave to take additional depositions, the relevance of the depositions sought by plaintiffs, and whether an extension of discovery is warranted. For the reasons set forth below, plaintiffs' Motion to Extend Discovery is granted, and plaintiffs' Motion for Leave to Take Additional Depositions is granted in part and denied in part.

## BACKGROUND

On November 30, 2016, plaintiffs filed suit against defendant Corizon and others, claiming violations of the Fourteenth Amendment to the United States Constitution; plaintiffs also assert common law claims of wrongful death, negligence, and gross negligence. Discovery in this case commenced in January 2017, and plaintiffs began taking depositions in April 2017. In response to the complexity of this case and the resulting scope of discovery, the parties filed a joint motion for an extension of the discovery deadline in September 2017. I granted the parties' request and established a new deadline of December 15, 2017. Notably, defendants at that time sought to extend discovery beyond the December 15 deadline.

Since April 2017, plaintiffs conducted more than forty depositions, including corporate depositions pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiffs also served two requests for production of documents fewer than thirty days before the close of discovery, on November 21, 2017, and December 6, 2017, respectively. Corizon objected to those requests on

timeliness grounds. Then, on December 8, 2017, plaintiffs filed the instant motions to extend discovery and conduct additional depositions.

## LEGAL STANDARD

Federal Rule of Civil Procedure 30(a) establishes a presumptive limit of ten depositions per party. To exceed this limit, a party must obtain a stipulation from the opposing party or leave of the court. Fed. R. Civ. P. 30(a)(2)(A)(i). The rule directs the court to follow the standards set forth in Federal Rules of Civil Procedure 26(b)(1) and 26(b)(2) in determining whether to grant such leave. Fed. R. Civ. P. 30(a)(2). Importantly, Rule 30 lists no other standard – apart from those principles enumerated in Rule 26 – governing requests for additional depositions. *See id.*

Rule 26(b) establishes a broad scope of discovery, permitting parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Specifically, the rule requires the court, in making discovery rulings, to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Further, the court must limit discovery if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

In sum, the party seeking leave of the court to conduct additional depositions under Rule 30 bears the burden of showing sufficient reasons, consistent with the principles set forth in Rule 26(b)(1) and (2), to justify an extension of the presumptive limit.

## DISCUSSION

I. *A Particularized Showing of Necessity is Not Required Under Rule 30(a)(2).*

Plaintiffs argue that their request to take five additional depositions is justified under the standards established under Rule 26. Specifically, plaintiffs assert that the following applies to each of the depositions sought: 1) they are relevant to the claims; 2) the information sought is not unreasonably cumulative or duplicative; and 3) Corizon cannot establish that the burden imposed outweighs the benefit to plaintiff. In response, Corizon argues that plaintiffs' request should be denied because they fail to "make *a particularized showing* of why the discovery is *necessary.*" Defs.' Resp.to Pls.' Mot. for Add'l Dep. 4 (quoting *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999)) (emphasis in defendants' brief). In making this argument, Corizon misconstrues the requirements of Rule 30(a)(2).

As a threshold matter, the Federal Rules of Civil Procedure do not require a moving party to make a *particularized showing of necessity* when seeking leave to take additional depositions. *See* Fed. R. Civ. P. 30(a)(2). Furthermore, imposing such a requirement would unduly increase the burden on a moving party. The plain language of Rule 30 states, *inter alia*, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." *Id.* There is no mention of necessity or a particularized showing in Rule 26. Although some courts have adopted the standard proffered by Corizon, I find no legal basis for doing so. Accordingly, plaintiffs' only burden is to show sufficient reason, based in the principles set forth in Rule 26(b)(1) and (2), to exceed the presumptive ten-deposition limit. *See id.*; *see also Laryngeal Mask Co. Ltd. v. Ambu A/S*, 2009 WL 10672436, *3–4 (S.D. Cal. July 17, 2009) (stating that "[t]he plain language of the

Rules and the Advisory Committee Notes do not require a particularized showing" when applying Rule 30(a)(2)).

II.   *Plaintiffs May Take Three of the Five Additional Depositions Sought*

In the present case, I find that plaintiffs have sufficiently justified three of the five additional depositions sought, specifically the depositions of Matthew Northup, Darla Busch, and Cris Rettler. Plaintiff did not, however, provide sufficient reason to support depositions of Detectives Maggie Brown and Dave Hockin. Each deposition is discussed individually and in further detail below.

First, Matthew Northup is one of only two employees who last interacted with Ms. Pitkin before her death. Given Mr. Northup's intimate connection to the events at issue, the relevance of his unique perspective is readily apparent. And because Mr. Northup's impressions cannot be obtained from a more convenient source, a deposition would not be unreasonably duplicative. Notwithstanding Corizon's argument to the contrary, the fact that Tina Barnes (the other employee present at the time in question) has already been deposed does not dilute the unique nature or relevance of Mr. Northup's testimony. Lastly, plaintiffs' stated willingness to absorb much of the cost associated with each of the depositions at issue is further evidence that the burden to Corizon is not outweighed by the benefit to plaintiffs.

Second, the parties agree that Darla Busch received a call from a Washington County deputy expressing concerns about Ms. Pitkin's health before she passed away. Like Mr. Northup, Ms. Busch's experience is unique and closely tied to the events at issue in this case. Corizon argues that the deposition of Deputy Kind, who made the above mentioned call to Ms. Busch, renders Ms. Busch's testimony unreasonably duplicative. I disagree. The impressions of Ms. Busch are her own. Moreover, the testimony sought is not limited to a single phone call

with Deputy Kind. Plaintiffs assert they now have reason to believe that Ms. Busch received multiple calls. Additionally, plaintiffs note the relevance of Ms. Busch's experience in medical record keeping, insofar as her testimony provides insight into Washington County's record keeping practices. While Corizon correctly points out that a 30(b)(6) deposition is a proper method to acquire testimony about the county's general record keeping procedures, nothing in Rule 30 restricts the scope of a deposition so as to prevent an individual employee from testifying about their experience related to the implementation of those procedures. *See* Fed. R. Civ. P. 30. Indeed, finding otherwise would lead to the absurd result of limiting a party's ability to ever argue that an employer's policies or procedures—in practice—are distinct from that which a corporate representative might articulate in a 30(b)(6) deposition.

Third, Cris Rettler is a former physician's assistant at Washington County Jail. Ms. Rettler resigned her position in 2013, well before the death of Ms. Pitkin. At first glance, her perceived connection to this case is indeed tenuous. Corizon argues that, because Ms. Rettler was not employed at Washington County Jail at the time of the events at issue, she "has no knowledge specific to this case." Defs.' Resp.to Pls.' Mot. for Add'l Dep. 7. Plaintiffs contend, however, that Ms. Rettler's work experience with Corizon provides relevant context regarding the alleged business practices of Corizon, namely the "high turnover rate of Corizon employees . . . internal problems with Corizon's management of its employees . . . [and] her own dissatisfaction with Corizon." Pls.' Mot. for Add'l Dep. 6.

While Ms. Rettler's work experience is not directly related to the death of Ms. Pitkin, I find that her testimony is relevant to the claims at issue in this case. As discussed in response to plaintiffs' previous motion to compel, plaintiffs seek relief according to a *Monell* theory of liability under 42 U.S.C. § 1983. Under *Monell*, municipalities and local governments can be

held liable for deprivations of constitutional rights visited pursuant to an official government policy or longstanding government custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). To prevail on such a claim, a plaintiff is required to show that the behavior is so "persistent and widespread" that it can be considered a "permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691)). The custom must be of sufficient "duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*; *see also Oyenik v. Corizon Health Inc.*, 696 F. App'x 792, 794 (9th Cir. 2017) (holding that Corizon was not entitled to summary judgment where the plaintiff had "shown . . . at least a dozen instances" of alleged deliberate indifference to serious medical need). Given the scope of that burden, I find that Ms. Rettler's testimony, as a former employee under Corizon's management, is relevant to the claims asserted. Further, the potential benefit to plaintiffs far outweighs the minimal burden to Corizon. As stated above, plaintiffs have offered to bear primary responsibility for "the expenses related to the depositions, such as court reporters and videographers," which mitigates potential concern surrounding additional burden to Corizon. Pls.' Mot. for Add'l Dep. 9.

Lastly, plaintiffs seek to depose Detectives Maggie Brown and Dave Hockin. Plaintiffs argue that the detectives' testimony is necessary to resolve alleged inconsistencies in statements offered by Washington County and Corizon witnesses. Plaintiffs assert that it is critical to talk with investigators regarding their "recollection of what Corizon and Washington County employees said during the investigation in the aftermath of Ms. Pitkin's death." Pls.' Mot. for Add'l Dep. 7. In response, Corizon asserts that the information sought is unreasonably duplicative because the best records of the interviews are the contemporaneous recollections of the detectives, which are contained in the police investigation report. I find Corizon's argument

persuasive. Because the entirety of the information sought may be obtained from a more convenient source, the additional depositions of Detectives Maggie Brown and Dave Hockin would be unreasonably duplicative.

III. *Discovery Is Extended for Ninety Days*

A discovery extension of ninety days is warranted under the circumstances in this case. A modification to court-imposed deadlines is within the court's discretion. *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007). Here, plaintiffs have shown both good cause and effective use of prior time. The nature of this case is complex, due to the circumstances giving rise to the dispute and the claims asserted by plaintiffs. Plaintiffs bring both constitutional and wrongful death claims against multiple defendants (Corizon, Washington County, and several individual defendants). Given the complexity inherent to such a case, an extension is appropriate.

In addition to the depositions discussed above, plaintiffs served two requests for production of documents, one on November 21 and the other on December 6, both of which Corizon objected to solely because they did not have the requisite thirty days to respond. Because timeliness is the only stated basis for Corizon's objection and because discovery has now been reopened for ninety days, defendants are now required to respond to the aforementioned document requests. Corizon's objection to any further extension, however, is noted. Lastly, due to the increasingly litigious nature of discovery disputes in this case, the parties are encouraged to resolve remaining disputes without motions practice. Although the court stands ready to rule on additional motions to compel, the parties should strongly consider requesting a status conference to get the court's assistance before filing yet another round of discovery briefs.

## CONCLUSION

As explained in greater detail herein, plaintiffs' Motion for Leave to Take Additional Depositions (doc. 53) is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion to Extend Discovery (doc. 52) is GRANTED.

IT IS SO ORDERED.

Dated this 13th day of March 2018.

_____
Ann Aiken
United States District Judge