**Richard K. Hansen**, OSB #832231
Email: rhansen@schwabe.com
**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Defendants Corizon Health, Inc., Joseph McCarthy, MD, Colin Storz, Leslie O'Neil, CJ Buchanan, Louisa Duru, Molly Johnson, and Courtney Nyman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RUSSELL PITKIN** and **MARY PITKIN**, Co-Personal Representatives of the Estate of **MADALINE PITKIN**, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>**CORIZON HEALTH, INC.**, a Delaware Corporation; **CORIZON HEALTH, INC.**, a Tennessee Corporation; **WASHINGTON COUNTY**, a government body in the State of Oregon; **JOSEPH MCCARTHY, MD**, an individual; **COLIN STORZ**, an individual; **LESLIE ONEIL**, an individual; **CJ BUCHANAN**, an individual; **LOUISA DURU**, an individual; **MOLLY JOHNSON**, an individual; **COURTNEY NYMAN**, an individual; **PAT GARRETT**, in his capacity as Sheriff for Washington County; **JOHN DOES 1-10**; and **JANE DOES 1-10**,<br><br>Defendants. | Case No. 3:16-cv-02235-AA<br><br>**CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL<br><br>**ORAL ARGUMENT REQUESTED** |

Page 1 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..........................................................................................................1

*Bd. of Cty. Comm'rs v. Brown*,
    520 U.S. 397 (1997)..........................................................................................3, 5, 8, 10

*City of Canton v. Harris*,
    489 U.S. 378 (1989)..................................................................................................4, 9, 10

*City of Los Angeles v. Heller*,
    475 U.S. 796 (1986)..........................................................................................................4, 11

*Cler v. Providence Health Sys.*,
    349 Or. 481 (2010)............................................................................................................13

*Colwell*,
    763 F.3d at 1068 ...............................................................................................................8

*Connick v. Thompson*,
    563 U.S. 51 (2011)..........................................................................................7, 11, 12

*Fairley v. Luman*,
    281 F.3d 913 (9th Cir. 2002) ............................................................................................11

*Far W. Fed. Bank, S.B. v. Director, Office of Thrift Supervision*,
    787 F. Supp. 952 (D. Or. 1992), *aff'd*, 119 F.3d 1358 (9th Cir. 1997).......................................1

*Gordon v. Cty. of Orange*,
    888 F.3d 1118 (9th Cir. 2018), *petition for cert filed* (U.S. Sept. 12, 2018) ...................3, 4, 10

*Libbee v. Permanente Clinic*,
    368 Or. 258 (1974)............................................................................................................13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986 ............................................................................................................2

*Mead v. Legacy Health Sys.*,
    352 Or. 267 (2012)............................................................................................................13

*Monell v. Dep't of Social Servs.*,
    436 U.S. 658 (1978)..................................................................................3, 4, 6, 7, 8, 9, 10, 11

Page i -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL
           SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

*Rogers v. Meridian Park Hosp.*,
    307 Or. 612 (1989) ................................................................................................12

*San Bernardino Physicians' Servs. Med. Grp., Inc. v. San Bernardino County*,
    825 F.2d 1404 (9th Cir. 1987) .................................................................................9

*Scott v. Harris*,
    550 U.S. 372 (2007) ...............................................................................................2

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) .................................................................................3

*T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*,
    809 F.2d 626 (9th Cir. 1987) ...................................................................................1

*Tsao v. Desert Palace, Inc.*,
    698 F.3d 1128 (9th Cir. 2012) .................................................................................3

*Van Ort v. Estate of Stanewich*,
    92 F.3d 831 (9th Cir. 1996) .....................................................................................4

*Wash. Envtl. Council v. Bellon*,
    732 F.3d 1131 (9th Cir. (2013 .................................................................................2

**Statutes**

42 U.S.C. § 1983 ..................................................................................1, 2, 3, 4, 9, 15

ORS § 677.095(1) ........................................................................................................12

**Other Authorities**

Fourteenth Amendment ..........................................................................................9, 14

Fed. R. Civ. P. 56(c) .....................................................................................................1

Page ii -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL
            SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

## LR 7-1 Certification

Defendant Corizon Health, Inc. ("Corizon") certifies that the parties have conferred in good faith but have been unable to resolve the issues involved in this motion.

## Motion

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, defendant Corizon moves for summary judgment on all of Plaintiffs' § 1983 claims and partial summary judgment on plaintiffs' negligence claims in Plaintiffs' First Amended Complaint ("FAC" or "Complaint") (ECF No. 78).

## Statement of Facts

Corizon adopts, and hereby incorporates by reference, the Statement of Facts in defendants Joseph McCarthy, MD ("Dr. McCarthy"), Colin Storz ("Storz"), Leslie O'Neil ("O'Neil"), CJ Buchanan ("Buchanan"), Louisa Duru ("Duru"), Molly Johnson ("Johnson"), and Courtney Nyman ("Nyman") (collectively, "Individual Defendants") in their concurrently filed Motion for Summary Judgment. To avoid a repetitive presentation of facts, Corizon omits a recitation of these facts in its motion.

## LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment shall be granted if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Far W. Fed. Bank, S.B. v. Director, Office of Thrift Supervision*, 787 F. Supp. 952, 957 (D. Or. 1992), *aff'd*, 119 F.3d 1358 (9th Cir. 1997).

A "material" fact is one "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

Page 1 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

248 (1986)). In order for a "genuine issue of material fact to exist," the record must contain evidence sufficient to allow "a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The nonmoving party must do more than establish "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[I]n responding to a summary judgment motion, the plaintiff can no longer rest on such mere allegations [in its pleadings], but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (internal quotation marks omitted).

## ARGUMENT

Plaintiffs' claims against Corizon depend on the actions of Corizon's employees. Accordingly, whether Plaintiffs can sustain any claims against Corizon's employees is material to Corizon's alleged liability. Corizon adopts, and hereby incorporates by reference, all arguments made by Individual Defendants in their concurrently filed Motion for Summary Judgment.

*First*, the court should grant Corizon summary judgment on all § 1983 claims against it. As explained below, no vicarious liability is possible under § 1983. Plaintiffs therefore must show that (1) a constitutional violation occurred; and (2) Corizon's policies, practices, or customs were the moving force behind such a violation. Plaintiffs cannot show that any constitutional violations occurred for the reasons stated in the Individual Defendants' Motion for Summary Judgment. And to the extent issues of fact remain as to the constitutional claims against one or more Individual Defendant, Corizon is nonetheless entitled to partial summary judgment on certain § 1983 claims against it as an entity.

Page 2 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL
            SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

*Second*, the court should grant limited summary judgment to Corizon on Plaintiffs' negligence claims. Corizon concedes that issues of fact remain regarding Plaintiffs' negligence claims arising from some Individual Defendants' conduct. But Plaintiffs cannot sustain any claims based on the conduct of Duru, Storz, and Johnson. The court should therefore grant Corizon partial summary judgment on Plaintiffs' negligence claims against Corizon to the extent that such claims are predicated on Duru's, Storz's, or Johnson's conduct.

## I. The Court Should Grant Summary Judgment to Corizon on Plaintiffs' *Monell* Claims where the Record does not Support Essential Elements of Plaintiffs' Claims

Although Corizon is a private entity, it is treated as a municipality for purposes of § 1983 because it acted under color of state law through its contract with the county. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). Vicarious liability cannot support a § 1983 claim. *Starr v. Baca*, 652 F.3d 1202, 1205–07 (9th Cir. 2011). Thus, to establish a claim against Corizon, Plaintiffs must establish *Monell*[1] liability by (1) showing that Corizon maintained unconstitutional policies or customs, with objectively assessed deliberate indifference to a risk of harm and (2) establishing a direct causal link between such unconstitutional policies and Ms. Pitkin's death. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *see Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018), *petition for cert filed*, (U.S. Sept. 12, 2018) (No. 18-337)[2] (establishing objective, rather than subjective,

---

[1] *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

[2] Corizon maintains that *Gordon* was incorrectly decided and preserves the right to seek reconsideration of any orders in this case relying on *Gordon* if the Supreme Court reverses

Page 3 -    CORIZON HEALTH, INC.'S MOTION FOR PARTIAL
            SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

deliberate indifference as the degree of culpability required for a pretrial detainee's medical-care-based § 1983 claim). It is insufficient to show that a different policy decision could have prevented an injury. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996). Moreover, Plaintiffs must show that the alleged breaches of contract were the "moving force" behind Pitkin's death; that is, "closely related to the ultimate injury." *City of Canton v. Harris*, 489 U.S. 378, 389, 391 (1989).

A *Monell* claim also generally requires proof of an underlying constitutional violation by an individual, particularly where the plaintiff's *Monell* claim asserts that a municipal policy allowed an individual employee's unconstitutional acts. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that a *Monell* plaintiff cannot recover damages against a municipality if none of the municipality's employees committed a constitutional violation). Accordingly, Plaintiffs' claims are subject to summary judgment where the record either does not support causation or does not show an underlying constitutional violation by a Corizon employee. Several of Plaintiffs' claims cannot meet this standard, rendering summary judgment appropriate.

A.  **Some of Corizon's Alleged Policies and Practices Could Not Have Caused Pitkin's Death**

Plaintiffs' *Monell* claims against Corizon regarding staffing levels, Storz's on-call payments, Corizon's training policies, staff meetings, physician supervision, suboxone use, and treatment of inmates perceived as nearing release all lack a causal relationship with Pitkin's death. Although Corizon disputes that its policies and practices were unconstitutional—and disputes that several alleged policies and practices even existed—the record on summary

---

*Gordon*.

Page 4 -    CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

judgment does not allow a reasonable jury to conclude that Corizon's alleged policies and practices had any effect on the medical care Pitkin received, even with all factual inferences drawn in Plaintiffs' favor.  *See Brown*, 520 U.S. at 403–04 ("[A] plaintiff . . . must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.").

*First*, the record shows no causal link between the staffing levels at the Washington County Jail ("the Jail") and Pitkin's treatment.  Pitkin was assessed several times over seven days by a total of six Corizon employees at the Jail and there is no suggestion, much less proof, that her death was caused by a failure of staff to address her needs because of staffing levels.  Witnesses testified that, as a general matter, staffing levels did not impact the quality of care that Corizon provided.  (*See, e.g.*, Declaration Of Richard K. Hansen In Support Of Individual Defendants' Motion For Summary Judgment And Corizon Health, Inc.'s Motion For Partial Summary Judgment, Ex. 2 at 40:8–25; Ex. 6 at 30:11–24.)[3]  Moreover, Corizon expert Dr. Steven R. Shelton[4] concluded that the staffing levels at the Jail were not relevant to Plaintiffs' claims and did not contribute to Ms. Pitkin's death.  (Ex. 24 at 5.)  Accordingly, no causal relationship exists between Corizon's alleged policies, practices, and customs regarding staffing (*see* FAC ¶¶ 42 a–b) and the constitutional injury Plaintiffs allege.  The court should grant summary judgment for Corizon on the allegations in subparagraphs 42 (a) and (b) of the Complaint.

*Second*, Plaintiffs' claim that Corizon caused Pitkin's death by "providing financial

---

[3] Unless otherwise stated, all citations to Exhibits refer to Exhibits to the Hansen Declaration.

[4] Dr. Shelton is a physician with 33 years of medical experience in the correctional setting, the former Medical Director of the Oregon Department of Corrections, and a member of the NCCHC Board of Trustees.

Page 5 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

incentives to employees who prevented emergency room visits by inmates" at the Jail finds no support in the record that could withstand Corizon's motion for summary judgment. (FAC ¶ 42(c).) This claim rises and falls on Plaintiffs' misinterpretation of PA Storz's on-call compensation. Specifically, if Storz returned to the Jail in his off hours to provide a treatment that he ordinarily performed at the Jail, such as suturing a wound or draining an abscess, Storz received a $150 payment for providing these services on-site because his willingness to come to the facility in off hours eliminated the need for an emergency-room visit. (Ex. 20, 21.) The sole purpose of the payment was to avoid unnecessary emergency-room visits for routine procedures that Corizon staff could provide on-site. (Ex. 14 at 136:18–137:24.) Accordingly, Plaintiffs' claim based on this policy depends on an inaccurate and unfair mischaracterization of a policy regularly employed in correctional healthcare.

Moreover, the contractual incentive for Storz to return to the Jail to perform procedures on-site to avoid unnecessary emergency-room visits had no causal relationship with Pitkin's treatment.[5] The only time that Storz treated Pitkin prior to April 24 was on April 18, when Pitkin's symptoms undisputedly did not require hospitalization. Because Storz did not encounter Pitkin in an objectively emergent condition prior to her death on April 24, Corizon's policies regarding compensating providers for avoiding unnecessary emergency-room visits could have no causal link to any aspect of Pitkin's treatment. The court should therefore grant summary judgment to Corizon on Plaintiffs' claim in subparagraph 42(c) of the complaint.

*Third*, Plaintiffs' failure-to-train claim against Corizon fails because there is no pattern of incidents similar to Pitkin's situation showing a clear need for different training. A *Monell* claim

---

[5] Dr. McCarthy did not have a similar provision in his contract. (Ex. 6 at 51:21–52:7.)

Page 6 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

for failure to train employees requires "a pattern of similar constitutional violations by untrained employees."  *Connick v. Thompson*, 563 U.S. 51, 62 (2011).  The pattern of constitutional violations must be sufficiently similar to the alleged violation to provide "notice that specific training was necessary to avoid" similar violations in the future.  *Id.* at 63.  Pointing to alleged violations of the same broadly defined right is insufficient as a matter of law.  *See id.* (past violations of a criminal defendant's right to exculpatory evidence did not provide notice because none involved the same type of exculpatory evidence).  Here, no such pattern exists.  As in *Connick*, the record shows no pattern of constitutional violations by Corizon employees in cases involving opiate withdrawals or dehydration.  Plaintiffs cannot demonstrate a necessary element of their claim in subparagraph 42(h), and summary judgment is therefore appropriate.

*Fourth*, Plaintiffs' allegations regarding staff meetings (FAC ¶ 42(k)) and physician supervision (FAC ¶ 42(l)) could have no causal relationship with Pitkin's treatment or death. What Plaintiffs actually take issue with are treatment decisions that Corizon staff made during Pitkin's COWS evaluations, in response to her MRFs, when correctional deputies informed Corizon staff of concerns regarding Pitkin's health, and when Wertz, Buchanan, McCarthy, and O'Neil had difficulty obtaining an accurate blood-pressure reading for Pitkin.  (FAC ¶ 46.)  The record contains no evidence linking these treatment decisions with staff meetings or the degree of physician supervision at the Jail.  Accordingly, summary judgment is appropriate on the claims in subparagraphs 42(k) and (l) of the complaint.

*Fifth*, Plaintiffs cannot sustain a *Monell* claim by alleging that Corizon has a practice of not using suboxone (buprenorphine) to treat opiate withdrawal.  This claim asserts nothing more than the availability in some contexts of another means of treating opiate withdrawal different from the method objectively indicated for Pitkin.  Buprenorphine is not the only accepted

Page 7 -  CORIZON HEALTH, INC.'S MOTION FOR PARTIAL
          SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

treatment for opiate withdrawal, nor is it without its own significant drawbacks. (Moore Rep. at 4–5.) Indeed, given its own addictive properties, buprenorphine is not recommended for patients with a low-acuity COWS score of 10 or below, like Pitkin. (*Id.* at 5.) For this claim, Plaintiffs can demonstrate only that medical experts disagree regarding the use of buprenorphine to treat opiate withdrawal. Such a quintessential difference in medical opinion cannot form the basis of a deliberate-indifference claim in the medical context. *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014). The court should therefore grant summary judgment to Corizon on Plaintiffs' suboxone-based claim in subparagraph 42(n).

*Finally*, Plaintiffs' claim regarding denial of medical care for inmates thought to be nearing release from the Jail has no bearing on Pitkin's treatment. Nothing in the record suggests that any Individual Defendant, or any other Corizon employee, thought that Pitkin was about to be released from the Jail or even knew how long she would be incarcerated. More importantly, Pitkin was not denied medical care. Although Plaintiffs plainly disagree that the Individual Defendants provided appropriate medical care, there can be no reasonable dispute that Pitkin received medical care from Corizon employees while at the Jail. No factual link, let alone a "direct causal link," exists between this purported policy, practice, or custom and the medical care provided to Pitkin at the Jail. *See Brown*, 520 U.S. at 403–04. Accordingly, the Court should grant summary judgment to Corizon on Plaintiffs' claim in subparagraph 42(o) of the Complaint.

### B. Alleged Breaches of the Contract Between Corizon and Washington County Do Not Create Liability Under *Monell*

Summary judgment is also appropriate as to Plaintiffs' claims arising from alleged breaches of the contract between Corizon and Washington County because they either lack the requisite causal link to Pitkin's death or do not assert a policy decision amounting to deliberate

Page 8 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

indifference. (*See* FAC ¶¶ 42(g), 51.) Even if Plaintiffs' claims of breach of contract were true—and they are not—a breach of the contract between Corizon and Washington County does not give rise to a § 1983 claim simply because Washington County is a state actor. *See San Bernardino Physicians' Servs. Med. Grp., Inc. v. San Bernardino County*, 825 F.2d 1404, 1408 (9th Cir. 1987) ("It is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state into a federal claim. . . . [T]he Fourteenth Amendment was not intended to shift the whole of the public law of the states into the federal courts." (footnote omitted) (citation omitted)). Corizon is entitled to summary judgment on Plaintiffs' claims in paragraph 51 of the Complaint because Plaintiffs cannot establish one or more elements of a *Monell* claim on each alleged policy, practice, or custom. Whether a policy, practice, or custom breached the contract between Corizon and Washington County is wholly irrelevant to the *Monell* analysis.

*First*, summary judgment is appropriate as to Plaintiffs' contract-based claims where the alleged policy, practice, or custom had no bearing on the medical treatment Pitkin received from Corizon employees. Plaintiffs must show that the alleged policies, practices, or customs were the "moving force" behind a constitutional violation. *City of Canton*, 520 U.S. at 389. Even with all factual inferences drawn in Plaintiffs favor, several of Corizon's alleged breaches of contract could not have been the moving force behind Pitkin's death, specifically auditing of medical services at the Jail (FAC ¶ 51(a)); adoption and dissemination of policies and procedures consistent with National Commission on Correctional Health Care ("NCCHC") standards (FAC ¶ 51(b)); compliance with contractual staffing levels[6] (¶ 51(c)); notifications regarding lawsuits

---

[6] As explained above in Section I.A, no reasonable jury could find that staffing levels had a causal relationship with Pitkin's death.

Page 9 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

against Corizon elsewhere in the country (FAC ¶ 51(d)); and Corizon's subcontracting practices (FAC ¶ 51(e)). To prevail on their contract-based *Monell* claims, Plaintiffs would have to demonstrate that failing to comply with these provisions of the contract was not only unconstitutional, but the "moving force" behind Pitkin's death. And none of these global business issues had any bearing on Pitkin's treatment, let alone satisfy the *Canton* "moving force" standard.

*Second*, the only contract-based claim that bears at all on Pitkin's treatment is an allegation that Corizon and Washington County did not follow monitoring guidelines regarding medical detoxification. (FAC ¶¶ 42(g); 51(g).) However, this provision of the contract between Washington County and Corizon, arguably requiring vital-signs monitoring every two hours "for severe cases," is not a constitutional requirement. (Ex. 17.) To sustain a *Monell* claim based on this contractual provision, *Gordon* requires Plaintiffs to show that anything other than compliance with this contractual provision would not be a reasonable means to abate a serious, obvious risk of harm from drug and alcohol detoxification. *Gordon*, 888 F.3d at 1125; *see Brown*, 520 U.S. at 403–04 (a *Monell* claim requires a plaintiff to show that the municipality acted with "the requisite degree of culpability"). Given the typically low risk of harm from opiate withdrawal, and the fact that Pitkin's COWS scores were never above "mild" (and certainly never in the "severe" category) in the three COWS assessments performed at the Jail, monitoring vital signs every two hours is far from the only objectively reasonable response to the obvious health risks of opiate withdrawal. (*See* Ex. 24 at 5 (explaining the rarity of opiate-withdrawal related death).) Accordingly, the Court should grant summary judgment on all of Plaintiffs' contract-based *Monell* claims in paragraph 51 of the complaint because no reasonable juror could conclude that these alleged breaches of contract were the moving force behind

Page 10 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL
             SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

Pitkin's death.

### C. Plaintiffs' Remaining *Monell* Claims Fail Because Plaintiffs Cannot Show An Underlying Constitutional Violation by a Corizon Employee

*Monell* claims generally require a plaintiff to prove that an unconstitutional policy or practice caused an individual to violate the plaintiff's constitutional rights. *See Heller*, 475 U.S. at 799. In limited cases where a municipality's policy, custom, or practice itself is a free-standing constitutional violation that caused a plaintiff's injury, a municipality may be liable under *Monell* without any underlying constitutional violation by an individual. *See Fairley v. Luman*, 281 F.3d 913, 916–17 (9th Cir. 2002). However, Plaintiffs only assert a *Monell* claim under the *Fairley* exception to *Heller* in their contract-based claims. (*See* FAC ¶ 52.) Plaintiffs' other *Monell* claims depend on establishing the deliberate indifference of one or more Individual Defendants. (*See* FAC ¶ 42 (alleging that "[t]he unconstitutional actions and/or omissions of defendants, as well as officers employed by or acting on behalf of defendants, were pursuant to the following customs, policies, practices, and/or procedures").) And as explained in the Individual Defendants' Motion for Summary Judgment, no Individual Defendants were deliberately indifferent in their provision of medical care to Pitkin. Because Plaintiff cannot establish an underlying constitutional violation by any Corizon employee, Corizon is entitled to summary judgment on all *Monell* claims in paragraph 42.

## II. The Court Should Grant Summary Judgment to Corizon on Plaintiffs' Failure-to-Train Claims

Plaintiffs' failure-to-train claims asserted in paragraph 56 of the Complaint cannot survive summary judgment. A failure-to-train claim requires a plaintiff to show "a pattern of similar constitutional violations by untrained employees." *See Connick*, 563 U.S. at 62. The pattern of violations must be very similar to the alleged violation to put a decisionmaker on

Page 11 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL
             SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

notice that a training program is deficient. *Id.* ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."). In *Connick*, the Court held that a pattern of prior violations of the same substantive right must be factually similar to the alleged injury. *Id.* at 63. Plaintiffs cannot show this preliminary element of their failure-to-train claim.

All of the alleged failures to train in paragraph 56 relate to opiate withdrawal, dehydration, or both. But the record contains no instances, let alone a pattern, of *constitutional* violations by untrained Corizon employees directly related to either issue. Plaintiffs cannot meet their burden of production on these claims because the best they can do is argue a case of negligence. Accordingly, the Court should grant summary judgment to Corizon on the failure-to-train claims.

### III. The Court Should Grant Summary Judgment to Corizon on the Negligence and Gross Negligence Claims to the Extent These Claims Rely on Duru's, Johnson's, or Storz's Conduct

Finally, Corizon seeks summary judgment on Plaintiffs' negligence and gross negligence claims to the extent either claim relies on the conduct of Duru, Johnson, or Storz. Each of these defendants satisfied his or her duty of care to Pitkin while treating her. Because Plaintiffs assert their negligence claims against Corizon under a respondeat superior theory, summary judgment is appropriate to the extent Plaintiffs rely on the negligence of Duru, Johnson, or Storz to establish their claim against Corizon.

A medical-negligence claim requires Plaintiffs to establish that Corizon personnel "breached the standard of care and caused injury to [Pitkin]." *Rogers v. Meridian Park Hosp.*, 307 Or. 612, 619 (1989). The standard of care for physicians is statutory and tracks the

Page 12 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

common-law standard for professional negligence. *See* ORS § 677.095(1) ("A physician . . . has the duty to use that degree of care, skill and diligence that is used by ordinarily careful physicians or podiatric physicians and surgeons in the same or similar circumstances in the community of the physician or podiatric physician and surgeon or a similar community."). Other healthcare providers who assist physicians, such as RNs, LPNs, or PAs, are held to an analogous standard for their specific practices. *See, e.g.*, *Cler v. Providence Health Sys.*, 349 Or. 481 (2010) (in a medical negligence case against an oncology nurse, the issue was "the applicable standard of care for oncology nurses"); *Libbee v. Permanente Clinic*, 368 Or. 258, 268 (1974) (discussing the applicable standard of care for obstetrics nurses by reference to customary nursing practices). Here, a reasonable juror could only conclude that Duru, Johnson, and Storz satisfied their respective standards of care to Pitkin.

### A. **Duru Met the Standard of Care for an LPN**

Duru had minimal interactions with Pitkin. Duru's only error in assessing Pitkin was an arithmetic error. (*See* Ex. 29 at 2.) This unintentional error resulted in the same classification of Pitkin's symptoms as "mild" that would have resulted without the mistake and, therefore, did not impact Pitkin's treatment. (*Id.*) In other words, it was not an actionable mistake because it produced no harm. Duru's other actions—assessing Pitkin, discussing Pitkin's symptoms with Storz, and writing an order consistent with Storz's oral instructions—were all within her scope of practice and within the standard of care. Accordingly, Duru was not negligent or grossly negligent. Her conduct cannot form a basis for respondeat superior liability for Corizon.

### B. **Johnson Met the Standard of Care for an RN**

Johnson's involvement with Pitkin was also very limited. Assuming for the sake of this motion that reviewing and triaging a MRF creates a nurse-patient relationship, Johnson's review

Page 13 - CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

of and response to Pitkin's first and second MRFs was within the standard of care for an RN.  *Cf. Mead v. Legacy Health Sys.*, 352 Or. 267, 296 (2012) (physician-patient relationship arises when "physician either knew or reasonably should have known that he or she was diagnosing the patient's condition or providing treatment to the patient").  Johnson was about to go to Pitkin's housing unit when she encountered LPN Nyman, who had just examined Pitkin and conducted a COWS assessment.  Reasonably relying on Nyman's representations, Johnson did not perform a redundant examination of Pitkin and instead noted accurately on the MRFs that Pitkin had been seen and started on medications for her mild withdrawal symptoms.  Johnson also ordered Pitkin an over-the-counter antidiarrheal medication.  This was appropriate follow-up care; Johnson was not required to perform a redundant examination.  Relying on the report of another nurse is within the standard of care, especially when nothing about the other nurse's report suggests a need for further examination.  (*See* Ex. 29 at 2–3.)  Accordingly, Johnson's conduct cannot form the basis for a negligence or gross-negligence claim against Corizon.

### C. Storz Met the Standard of Care for a PA

Storz's only involvement with Pitkin before April 24 was his April 18 phone prescription of a standard protocol of medications for Pitkin's mild opiate withdrawal symptoms, based on Duru's COWS assessment.  Storz reasonably relied on Duru's assessment of Pitkin.  Prescribing routine medications based on Duru's assessment was within the standard of care for a PA.  (*See* Ex. 24 at 7.)  Storz's conduct therefore cannot support a respondeat superior claim for negligence or gross negligence against Corizon.

### CONCLUSION

Corizon's employees provided Madaline Pitkin with medical treatment for her only objectively obvious condition—mild symptoms of opiate withdrawal.  Regardless of the cause of

Page 14 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

Pitkin's tragic and unforeseen death, no Corizon employee violated her Fourteenth Amendment right to be free from deliberate indifference to her serious medical needs. Errors, simple negligence, and the availability of alternative courses of treatment cannot establish a § 1983 claim. And because Plaintiffs' § 1983 claims wholly depend on a constitutional violation by Corizon's employees that Plaintiffs have not shown, the court should grant summary judgment on Plaintiffs' § 1983 claims. Partial summary judgment is also appropriate as to Plaintiffs' negligence and gross-negligence claims arising from the conduct of Storz, Duru, and Johnson.

Dated this 3rd day of October, 2018.

          Respectfully submitted,

          SCHWABE, WILLIAMSON & WYATT, P.C.

By:   /s/ Richard K. Hansen
       Richard K. Hansen, OSB #832231
       Anne M. Talcott, OSB #965325
       Telephone: 503.222.9981
       Facsimile: 503.796.2900

       Trial Attorney: Richard K. Hansen
       Of Attorneys for Defendants Corizon
       Health, Inc., Joseph McCarthy, MD, Colin
       Storz, Leslie O'Neil, CJ Buchanan, Louisa
       Duru, Molly Johnson, and Courtney Nyman

Page 15 -   CORIZON HEALTH, INC.'S MOTION FOR PARTIAL
               SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\128493\204567\AMT\23988616.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of October, 2018, I served the foregoing CORIZON HEALTH, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT on the following parties:

| | |
|---|---|
| Timothy J. Jones, Esq.<br>Tim Jones PC<br>888 SW Fifth Avenue, Suite 1100<br>Portland, OR 97204<br>Email: tim@timjonespc.com<br><br>*Attorneys for Plaintiffs* | Vicki M. Smith<br>Bodyfelt Mount LLP<br>319 SW Washington St Ste 1200<br>Portland OR 97204<br>Email: smith@bodyfeltmount.com<br><br>*Attorneys for Washington County* |

John M. Coletti
Paulson Coletti
1022 NW Marshall St Ste 450
Portland OR 97209
Email: john@paulsoncoletti.com

*Attorneys for Plaintiffs*

by:

☒ U.S. Postal Service, ordinary first class mail
☐ U.S. Postal Service, certified or registered mail, return receipt requested
☐ hand delivery
☐ facsimile
☐ CM/ECF electronic service
☒ other (specify)  Email

        /s/Richard K. Hansen
        Richard K. Hansen, OSB# 832231