Vicki M. Smith, OSB No. 015110
Email: smith@bodyfeltmount.com
Jamie T. Azevedo, OSB No. 050370
Email: azevedo@bodyfeltmount.com
BODYFELT MOUNT LLP
319 SW Washington St., Suite 1200
Portland, Oregon 97204
Telephone: (503) 243-1022
Facsimile: (503) 243-2019

Of Attorneys for Defendant Washington County

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RUSSELL PITKIN and MARY PITKIN, Co-Personal Representatives of the Estate of MADALINE PITKIN, Deceased,<br><br>                Plaintiffs,<br><br>     v.<br><br>CORIZON HEALTH, INC., a Delaware Corporation; CORIZON HEALTH, INC., a Tennessee Corporation; WASHINGTON COUNTY, a government body in the State of Oregon; JOSEPH MCCARTHY, MD, an individual; COLIN STORZ, an individual; LESLIE ONEIL, an individual; CJ BUCHANAN, an individual; LOUISA DURU, an individual; MOLLY JOHNSON, an individual; COURTNEY NYMAN, an individual; PAT GARRETT, in his capacity as Sheriff for Washington County; JOHN DOES 1-10; and, JANE DOES 1-10,<br><br>                Defendants. | Case No. 3:16-cv-02235-AA<br><br>**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT**<br>Pursuant to Fed. R. Civ. P. 56<br><br>**REQUEST FOR ORAL ARGUMENT** |

**DEFENDANT WASHINGTON COUNTY'S
MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

CERTIFICATE OF COMPLIANCE WITH LR 7-1 .......................................................... 1

MOTION .......................................................................................................................... 1

SUMMARY OF THE ARGUMENT ................................................................................. 1

FACTS ............................................................................................................................. 3

    A.   Washington County's Jail ........................................................................... 3

    B.   Washington County's Contract with Corizon ........................................... 3

        1.   Corizon's obligations under the Contract ......................................... 3

        2.   The relationship between Washington County and Corizon under the Contract. ................................................................................................... 5

    C.   Contract Administration ............................................................................ 5

    D.   Ms. Pitkin's Incarceration at the Washington County Jail ..................... 6

SUMMARY JUDGMENT STANDARD ............................................................................ 7

MEMORANDUM OF LAW................................................................................................ 8

    I.   42 U.S.C. § 1983 - THE *MONELL* CLAIMS......................................................... 8

    A.   Washington County did not have a municipal policy, custom or practice that triggers liability. ........................................................................................ 9

        1)   Washington County is not liable for hiring Corizon or for the individual decisions or mistakes made by Corizon. ............................................ 10

        2)   Plaintiffs cannot prove a pattern or practice to support their allegations.... 11

    B.   Plaintiffs cannot meet the high standard of proving Washington County was deliberately indifferent to Ms. Pitkin's constitutional rights. .................................... 13

    C.   The policy must be the "moving force" behind the constitutional deprivation.14

    II.   PLAINTIFFS' SUPERVISORY LIABILTY CLAIM FAILS BECAUSE PLAINTIFFS HAVE NOT NAMED A SUPERVISORY OFFICIAL OF WASHINGTON COUNTY.... 15

    III.   WASHINGTON COUNTY DID NOT HAVE THE RIGHT TO, NOR DID IT ACTUALLY, CONTROL CORIZON MEDICAL PROFESSIONALS' SPECIFIC PERFORMANCE OF MEDICAL CARE IN THE JAIL. ............................................... 16

    IV.   CONCLUSION ............................................................................................... 20

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................... 7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................... 16

*Berry v. Baca*, 379 F.3d 764 (9th Cir. 2004) ................................................................... 9

*Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010) ........................... 10

*Castro v. County of L.A.*, 833 F.3d 1060 (9th Cir. 2016) ............................................... 13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................ 7, 8

*City of Canton v. Harris*, 489 U.S. 378 (1989) ............................................................. 10

*Connick v. Thompson*, 563 U.S. 51 (2011) ..................................................................... 9

*Daniels v. Williams*, 474 U.S. 327 (1986) .................................................................... 13

*Estelle v. Gamble*, 429 U.S. 97 (1976) ........................................................................ 13

*Gordon v. City of Orange*, 888 F.3d 1118 (9th Cir. 2018) ......................................... 8, 13

*Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004) ............................. 10, 11

*Hansen v. Black*, 885 F.2d. 646 (9th Cir. 1989) ........................................................... 16

*Jensen v. Medley*, 336 Or. 222 (2003) ........................................................................ 17

*Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978) ........................................................... 15

*McGrath v. Scott*, 250 F. Supp. 2d 1218 (D. Ariz. 2003) .............................................. 15

*Monell v. Department of Social Services,*
    436 U.S. 658 (1978) ....................................................... 2, 8, 9, 11, 12, 14, 15, 16, 20

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099 (9th Cir. 2000) ..................... 7

*Plumeau v. School Dist. No. 40,* 130 F.3d 432 (9th Cir. 1997) ...................................... 14

*Springfield v. Kibbe,* 480 U.S. 257 (1987) .................................................................... 14

*Starr v. Bacca*, 652 F.3d 1202 (9th Cir. 2011) .............................................................. 16

*Thompson v. Los Angeles*, 885 F.2d 1439 (9th Cir. 1989) .............................................. 9

*Trevino v. Gates,* 99 F.3d 911 (9th Cir. 1996) .............................................. 10, 11, 13, 15

*Turner v. Multnomah County,* 2013 U.S. Dist. LEXIS 155369 (D. Or. Oct. 30, 2013) ... 19

*Vaughn v. First Transit, Inc.*, 346 Or. 128 (2009) .................................................... 17, 20

*Viado v. Domino's Pizza, LLC*, 230 Or. App. 531 (2009) ......................................... 16, 17


**Statutes**

42 U.S.C. § 1983 ................................................................................... 1, 2, 8, 16


**Constitutional Provisions**

14th Amendment .......................................................................................... 1


**Rules**

Fed. R. Civ. P. 56 ...................................................................................... 1, 7

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

## CERTIFICATE OF COMPLIANCE WITH LR 7-1

Pursuant to LR 7-1(a)(1)(A), counsel for defendant Washington County spoke with plaintiffs' counsel, and the parties made a good faith effort to resolve the disputes addressed in this motion but were unable to do so.

## MOTION

Washington County moves for summary judgment on all claims against it in plaintiffs' First Amended Complaint, including: (1) Second Claim for Relief: 14th Amendment, 42 U.S.C. § 1983, *Monell* for Wrongful Death; (2) Third Claim for Relief: 14th Amendment, 42 U.S.C. § 1983, *Monell* for Wrongful Death; (3) Fourth Claim for Relief: 14th Amendment, 42 U.S.C. § 1983, Supervisory Liability for Wrongful Death; and (4) Fifth Claim for Relief: Negligence for Wrongful Death.[1]   In support of this motion, Washington County relies on Fed. R. Civ. P. 56, the memorandum of law below, and the Declaration of Vicki M. Smith.

## SUMMARY OF THE ARGUMENT

Washington County contracted with Corizon Health, Inc. ("Corizon") to provide health care to inmates at the Washington County jail ("the Jail").

On April 24, 2014, Madaline Pitkin died in the Washington County Jail.  In general terms, this lawsuit asserts Ms. Pitkin's medical treatment, or the lack of it, caused her death.   What plaintiffs <u>do not assert</u> is that the Washington County deputies, who interacted with Ms. Pitkin during her seven days of incarceration at the Jail, did anything wrong.  In fact, plaintiffs allege the deputies called Corizon medical staff to examine Ms. Pitkin when they had concerns about her and they insisted Ms. Pitkin be examined. Instead, plaintiffs seek to hold Washington County liable for the alleged inadequate

/ / /

---

[1] The First and Sixth Claims for Relief are not against Washington County.

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 1**

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

medical care provided to Ms. Pitkin by Corizon, treatment over which Washington County had no control.

Each of plaintiffs' 42 U.S.C. § 1983 claims fail as a matter of law.  The second and third claims for relief in the First Amended Complaint assert *Monell* claims under 42 U.S.C. § 1983.  Plaintiffs seek to hold Washington County vicariously liable for Corizon's treatment decisions, which is not permitted under *Monell v. Department of Social Services,* 436 U.S. 658 (1978). These claims require that an official municipal policy, ordinance, regulation or decision officially adopted and promulgated by the municipality's officers caused the constitutional violation.  Plaintiffs have no evidence to establish that Washington County had such an official policy regarding any health care decisions at the Jail, let alone the specific treatment provided to Ms. Pitkin.

The only allegations specifically directed toward Washington County's conduct relate to alleged policies concerning its administration of the Corizon contract, set forth in the third claim for relief.  Plaintiffs will be unable to meet their burden to provide evidence of a persistent and widespread practice of failing to enforce the contract with Corizon. Also, plaintiffs cannot prove Washington County's administration of its contract with Corizon was either the cause in fact or proximate cause of Ms. Pitkin's death, or that Washington County was deliberately indifferent to her serious medical needs.

Plaintiffs' supervisory liability claim against Washington County fails as a matter of law.  Supervisory liability is distinct from *Monell* liability; it is a form of personal liability. As plaintiffs have not named any Washington County supervisory officials, there can be no supervisory liability claims against Washington County.

Plaintiffs' final claim against Washington County for negligence also fails.  Most of the allegations against Washington County seek to hold it vicariously liable for Corizon's delivery of medical care to Ms. Pitkin.  Washington County neither had the right to, nor

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 2**

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

did it control the manner in which Corizon performed its duties to deliver medical care. As a result, the County cannot be liable for Corizon's or Corizon employees' negligence, if any. The remaining allegations against Washington County related to contract monitoring, even if true, were not the cause in fact of Ms. Pitkin's death.

## FACTS

### A.  Washington County's Jail

The Washington County Jail houses male and female adult inmates in nine separate living areas, termed "pods."  Ms. Pitkin was housed in the general population pod.  First Am. Compl. ¶ 23.  The Jail also has a medical observation unit ("MOU") for those inmates on suicide watch or with greater medical needs.  Smith Decl., Ex. A, p. 3.

In the general population pods, deputies conduct rounds within every hour.  *Id.,* Ex. A at 12:16-22.  During rounds, deputies walk around the pod, look into each cell, and ensure inmates are where they are supposed to be and are alive, responsive and well. *Id.*  In the MOU, deputies conduct rounds within every 30 minutes.  However, since they need to check on suicide-risk inmates more frequently, deputies typically conduct rounds on all inmates in the MOU every 15 minutes.  *Id.*, Ex. B, pp. 3-4.

### B.  Washington County's Contract with Corizon

In 2014, Washington County contracted with Corizon to provide all medical care for inmates in the Jail ("the Contract").  First Am. Compl. ¶ 15.

#### 1.  Corizon's obligations under the Contract

Pursuant to the terms of the Contract, Corizon was the sole supplier of health care in the Jail.  Smith Decl., Ex. C; p. 25.  This responsibility began with an inmate's commitment into the Jail and ended with the release of the inmate from the Jail.  *Id.*  The Contract required that health care in the Jail be provided commensurate with the standards for health care services in jails established by the National Commission on

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Correctional Health Care ("NCCHC").  *Id.*  The Contract obligated Corizon to achieve and maintain NCCHC accreditation in order to verify that Corizon maintained an appropriate level of health care quality in the Jail.  *Id.*  Corrections officers and Jail staff had no role in the delivery of health care in the Jail.  *Id.*, Ex. C, p. 5.

The Contract also required Corizon to recruit, interview, hire, train and supervise all health care staff in the Jail.  First Am. Compl. ¶ 15.  Its staff were required to meet all conditions and specifications under the Contract with appropriate state licensure and compliance with professional practice regulations.  Smith Decl., Ex. C, p. 25.  The Contract required Corizon to provide a full-time, on-site Program Administrator with the responsibility for the successful delivery of health care for the Jail.  *Id.*

Under the terms of the Contract, a qualified nurse was to complete medical clearance triage on all individuals brought to the Jail.  *Id.*  The Contract further required a registered nurse to conduct a health screening on each inmate before the inmate entered the Jail's general population.  *Id.*  Corizon was also required to conduct a comprehensive health assessment on each inmate entering the Jail within 14 calendar days of arrival.  *Id.*

The Contract required Corizon provide a total pharmaceutical system in the Jail. The physician prescribed medication.  The Corizon staff filled the prescription, dispensed the medication, and conducted record-keeping.  *Id.*, Ex. C, p. 27.  The Contract further required Corizon provide a medical detoxification program for inmates suffering from drug and alcohol addiction and to monitor and evaluate detoxifying inmates' health status.  *Id.*

To assure the quality of health care delivery in the Jail, the Contract required Corizon to assume all responsibility to establish a Medical Audit Committee ("MAC").  First Am. Compl. ¶ 15.  The MAC was responsible for developing, recommending and implementing all policies and procedures necessary for the operation of the health care program.  *Id.*  The MAC was required to and did meet monthly with an agenda and with

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 4**

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

recorded minutes submitted to the County Contract Administrator.  Smith Decl., Ex. C, p. 29.  Attending the MAC meetings were members from Corizon's health care staff, the County Contract Administrator or designee, the physician retained by Washington County to perform monthly audits from randomly chosen medical files, and other County and Jail representatives and staff.  *Id.*, Ex. D, p. 3.

### 2.  The relationship between Washington County and Corizon under the Contract.

The Contract also stated that Corizon was an independent contractor.

### 8. Independent Contractor.

> **8.1.** Contractor shall perform the work required by this contract as an "Independent Contractor." Although County reserves the right to determine the delivery schedule for the work to be performed and to evaluate the quality of the completed performance, the County cannot and will not control the means or manner of the Contractor's performance. The Contractor shall comply promptly with any requests by County relating to the emphasis or relative emphasis to be placed on various aspects of the work or to such other matters pertaining to the work under this contract. Contractor is responsible for determining the appropriate means and manner of performing the work.

> **8.2.**  Contractor represents and warrants that Contractor is not an employee of the County, is not currently employed by the Federal Government, meets the specific independent Contractor standards of ORS 670.600, and is not an "officer", "employee", or "agent" of the County, as those terms are used in ORS 30.260 et seq.

*Id.*, Ex. C, p. 20.

### C.  Contract Administration

Washington County assigned contract administrators for the Contract.  *Id.*, Ex. C, p. 3.   As part of their responsibilities, they worked with Corizon's Health Services Administrator in the Jail, attended monthly MAC meetings, selected random inmate files monthly for the medical chart audits, worked with the physician Washington County retained to perform those medical chart audits, monitored Corizon's hour and financial reports, and reviewed Corizon's invoices.  *Id.*, p. 4.   The contract administrators also

**DEFENDANT WASHINGTON COUNTY'S
MOTION FOR SUMMARY JUDGMENT –
Page 5**

verified Corizon's pay rates were adequate and correct, confirmed the requirements of the Contract were being met at the basic level, worked with the Corizon Regional Manager to identify and resolve concerns that needed to be addressed, and verified that Corizon complied with a continuous quality improvement program and other NCCHC standards and requirements. *Id.*, pp. 6, 7, 8.

### D. Ms. Pitkin's Incarceration at the Washington County Jail

On April 16, 2014, Tualatin Police arrested Madaline Pitkin for an outstanding felony warrant and possession of heroin. First Am. Compl. ¶ 22. She was taken to the Washington County Jail, where it was determined that she may withdraw from heroin. *Id.* at ¶¶ 23-24. Corizon nurses evaluated her, ordered a Partial Opiate Withdrawal Protocol and prescribed Ms. Pitkin with certain medications. *Id.*

Ms. Pitkin remained in the Jail until her death on April 24, 2014. During that time, she completed several Medical Health Care Request Forms requesting medical assistance. *Id.* at ¶¶ 26, 27, 29. Corizon medical staff collected, reviewed and responded to those Request Forms. *Id.* Washington County Jail deputies were not involved in that process.

Several Washington County deputies observed Ms. Pitkin's condition during the time she was in general population. *Id.* at ¶ 1. On multiple occasions, deputies spoke with Ms. Pitkin and asked how she was doing and whether she required medical assistance or wanted the deputy to call Corizon medical staff. *Id.* at ¶¶ 28, 29, 31, 33. The correction staff made multiple calls to the Corizon medical staff notifying them of Ms. Pitkin's condition and inquiring if she should be moved to the MOU. First Am. Compl. ¶ 31.

/ / /

/ / /

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 6**

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

On April 23, 2014, a deputy told a Corizon nurse that Ms. Pitkin needed to go to the MOU.  Smith Decl., Ex. E, p. 4.  The deputy requested a wheelchair to transport Ms. Pitkin from to the MOU.  *Id.*, p. 3.

The following morning, Ms. Pitkin was in the MOU and a deputy checked on her approximately every 15 minutes.  Smith Decl., Ex. B, pp. 3-4.  At about 9:30 a.m., the deputy noticed that she appeared to be sweating and "didn't look right."  *Id.*  He went to contact Corizon medical staff to check on her, but a Corizon nurse entered the MOU at that time.  *Id.*, p. 4.  They found Ms. Pitkin on the floor, started CPR and called for medical backup.  *Id.*, p. 5.  EMS were unable to revive Pitkin.  First Am. Compl. ¶ 33.

### SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment when there is no genuine dispute over any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  When a party fails to make a showing sufficient to establish an essential element of their case on which the party bears the burden of proof at trial, Rule 56(c) mandates the entry of summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Although a moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, it may discharge its burden by showing there is a lack of evidence to support the nonmoving party's case, or by producing evidence that negates an essential element of the nonmoving party's claim.  *Id.* at 323, 325; *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  There must be sufficient evidence upon which a reasonable jury could find for the plaintiff for denial of summary judgment.

Further, a motion for summary judgment "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  As a result, there is no genuine issue of

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 7**

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

material fact if the evidence presented by the nonmoving party is insufficient to meet its substantive evidentiary burden. *Id.* at 254. Thus, Rule 56 seeks to dispose of factually unsupported claims prior to trial. *Celotex,* 477 U.S. at 324-25.

## MEMORANDUM OF LAW

### I.    42 U.S.C. § 1983 - THE *MONELL* CLAIMS

42 U.S.C. § 1983 provides a remedy to persons deprived of their constitutional rights under color of state law. It creates a cause of action against any person who, acting under the color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Washington County agrees that Ms. Pitkin had a constitutional right to receive adequate medical care while she was in the Jail.

Municipalities are "persons" and may be liable under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipality, such as a county, can only be liable when an official municipal policy, ordinance, regulation or decision officially adopted and promulgated by the municipality's officers caused the constitutional violation. *Id.* But not any violation suffices for liability. The municipality, through its policy, must show an objective deliberate indifference to the constitutional right. *Gordon v. City of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018).

Therefore, for plaintiffs to prove their *Monell* claims against Washington County, plaintiffs must establish:

(1)    Washington County had a policy, ordinance, regulation or decision officially adopted and promulgated;

(2)    that amounted to deliberate indifference to Ms. Pitkin's constitutional right to receive adequate medical care; and

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 8**

(3)     the policy, ordinance, regulation or decision caused the constitutional

violation.

*See Berry v. Baca,* 379 F.3d 764, 767 (9th Cir. 2004).  There is no genuine issue of

material fact; plaintiffs cannot establish these elements.

### A. Washington County did not have a municipal policy, custom or practice that triggers liability.

*Respondeat superior* or vicarious liability does not attach under section 1983.

*Monell*, 436 U.S. at 691.  The fact that Washington County contracted with Corizon does

not establish liability on the County.  A municipality may not be held liable solely because

it employs a tortfeasor.  There must be action pursuant to an official municipal policy of

some sort that caused the constitutional violation.  *Id.*

Official municipal policy includes the following: (1) the decisions of the

governmental lawmakers; (2) the acts of policymaking officials; or (3) "practices so

persistent and widespread as to practically have the force of law."  *Connick v. Thompson*,

563 U.S. 51, 61 (2011).  In the present matter, there are no specific written, formal policies

nor acts of Washington County's policymaking officials at issue.  Plaintiffs' only allegations

relate to customs and practices that plaintiffs assert rise to the level of Washington County

policy.  First Am. Compl. ¶¶ 42(a)-(p), 51(a)-(h).

The touchstone of a section 1983 action against a municipality is the allegation

that the official policy is responsible for the constitutional deprivation; however,

municipalities may also be sued pursuant to governmental "custom," even though such

custom has not received formal approval through the municipality's decision-making

channels.  *Monell*, 436 U.S. at 690-91. But, absent a formal governmental policy, only

where an injury results from a practice so "persistent and widespread" so as to constitute

a "permanent and well-settled" practice may liability attach to a municipality.  *Id.* at 691;

*Thompson v. Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other*

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

grounds by *Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010).  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistence that the conduct has become a traditional method of carrying out the policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiffs' second claim for relief alleges that Corizon and Washington County had 16 different policies, customs, or practices that allegedly deprived Ms. Pitkin and plaintiffs of their Fourteenth Amendment rights.  First Am. Compl. ¶ 42(a)-(p).  All of these alleged policies, customs, or practices relate to the health care services Corizon provided in general and, specifically, to Ms. Pitkin.

### 1) Washington County is not liable for hiring Corizon or for the individual decisions or mistakes made by Corizon.

It is not unconstitutional for municipalities to hire independent medical professionals to provide on-site medical care to inmates.  *Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004).  It is also not unconstitutional for municipalities to rely on the medical judgments made by those medical professionals.  *Id.*  The *Graham* case is illustrative because that court held that even if the medical care was woefully inadequate, the decisions of the medical professional did not constitute a constitutional violation on the part of the county.  *Id.*  Washington County appropriately relied on Corizon and Corizon's medical staff to make medical decisions relating to Ms. Pitkin's care.  This ensured that a competent independent party, rather than a corrections officer, made the critical decisions about Ms. Pitkin's care.

Further, mistakes by individual decision makers are also insufficient to rise to the level of an official policy for which Washington County could be held liable.  *See City of Canton v. Harris*, 489 U.S. 378, 391 (1989) (mistakes by adequately trained officers failed to indicate an inadequate training program or provide a legal basis to hold the city liable

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

for injuries caused by such mistakes).    These stringent standards assure that a municipality will avoid de facto *respondeat superior* liability explicitly prohibited by the Supreme Court in *Monell.  Graham*, 358 F.3d at 384.

Washington County is not liable for simply hiring Corizon or for Corizon's medical professional's individual mistakes or decisions.  All of the alleged policies, customs, or practices in plaintiffs' second claim for relief and some in the third claim for relief relate to the health care Corizon provided to the inmates, and specifically Ms. Pitkin, rather than actual Washington County customs.  Washington County cannot be held liable for these allegations.

### 2) Plaintiffs cannot prove a pattern or practice to support their allegations.

Most of the allegations in plaintiffs' second claim for relief relate to the treatment Ms. Pitkin received.  First Am. Compl. ¶ 42(d)-(n).  Similarly, in their third claim for relief, plaintiffs also allege:

> (g) A policy, custom or practice of failing to follow the monitoring guidelines relating to the medical detoxification program as set forth in the contract between the parties.

*Id.* at ¶ 51(g).  Plaintiffs craft those allegations to assert a policy, custom or practice, however, plaintiffs have no evidence showing such allegations are true beyond Ms. Pitkin's care.  Plaintiffs have no evidence to demonstrate these alleged policies occurred on multiple occasions, let alone that the policies are so persistent and widespread as to constitute permanent and well-settled official policy.  *See Trevino*, 99 F.3d at 919-20 (record devoid of direct evidence of various incidents insufficient to indicate practice so persistent to be policy).

Without evidence that these alleged policies, customs or practices occurred beyond Ms. Pitkin's treatment, plaintiffs cannot prove that Washington County had a pattern or practice of failing to treat inmates suffering from dehydration or opiate

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

withdrawal appropriately, or consistently failing to transport such inmates to an acute care facility, or had a well-settled practice of failing to train employees to recognize symptoms of withdrawal or to monitor patients suffering from withdrawal.  Plaintiffs further have no evidence of a pattern and practice of failing to follow monitoring guidelines.  It is well-settled that isolated events are insufficient to establish liability under *Monell*.  "When one must resort to inference, conjecture and speculation to explain events, the challenged practice is not of sufficient duration, frequency and consistency to constitute an actionable policy or custom." *Id.* at 920.  As a result, plaintiffs' allegations do not rise to the level of official policy but, instead, are an impermissible attempt to hold Washington County vicariously liable for Corizon's or Corizon's employees' treatment of Ms. Pitkin.

As to the remaining allegations in plaintiffs' second and third claims for relief – those allegations that arguably do not relate to Ms. Pitkin's treatment – plaintiffs cannot provide evidence of a persistent and widespread practice to prove those claims.  Plaintiffs have no evidence that Washington County had a widespread practice of insufficient medical health staff coverage, or of providing financial incentives to employees preventing emergency room visits.  They have no evidence of a pattern of failing to follow detoxification monitoring guidelines or failing to monitor Corizon's maintenance of health care within NCCHC standards or of a persistent and widespread practice in failing to enforce the Contract requirements.  Nor can plaintiffs demonstrate that Washington County had a custom or practice of failing to follow the staffing guidelines set by the NCCHC standards.  In fact, they cannot present evidence that the Jail's NCCHC accreditation ever lapsed, because that never happened.

There is no evidence to establish a widespread and persistent policy that could subject Washington County to *Monell* liability.  Washington County is entitled to summary judgment against these claims as a matter of law.

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

**B. Plaintiffs cannot meet the high standard of proving Washington County was deliberately indifferent to Ms. Pitkin's constitutional rights.**

Even if the Court finds that a policy, custom or practice exists, which Washington County denies, plaintiffs cannot prove that Washington County applied such policy, custom or practice demonstrated deliberate indifference to the constitutional rights or serious medical needs of Ms. Pitkin. *See Castro v. County of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016). Deliberate indifference is a high standard, and one that cannot be satisfied simply by an inadvertent failure to provide medical care. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). An inadvertent failure is not enough to constitute "an unnecessary and wanton infliction of pain" and is not "repugnant to the conscience of mankind," rising to the level of a constitutional deprivation. *Id.*

To prove deliberate indifference, a plaintiff must prove:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at a substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. Further, to demonstrate the third element, plaintiffs must prove more than negligence; plaintiffs must prove "something akin to reckless disregard." *Id.* The mere lack of due care by a state official is insufficient to constitute a Fourteenth Amendment violation. *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). The causation element requires plaintiffs to demonstrate that the unconstitutional policy, custom or practice was the cause in fact and proximate cause of the constitutional deprivation. *Trevino*, 99 F.3d at 918.

In this case, that means plaintiffs must prove:

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

1. Washington County made an <u>intentional decision</u> to apply a policy, custom or practice that affected the conditions of Ms. Pitkin's confinement;

2. The conditions put Ms. Pitkin at substantial risk of harm;

3. The risk of harm to Ms. Pitkin as a result of Washington County's decision <u>was obvious</u>;

4. Washington County <u>acted worse than negligently</u> by disregarding that obvious risk; and

5. Washington County's decision <u>actually caused</u> Ms. Pitkin's death.

Washington County could not have anticipated or appreciated the risk that Ms. Pitkin would die due to any of the decisions Washington County was alleged to have made in the second or third claims for relief. Plaintiffs cannot prove Washington County acted with deliberate indifference.

### C. The policy must be the "moving force" behind the constitutional deprivation.

A municipality is liable only when the execution of the official policy inflicts the injury. *Monell*, 436 U.S. at 694. The official policy must be "the moving force" behind the constitutional violation. *Plumeau v. School Dist. No. 40,* 130 F.3d 432, 438 (9th Cir. 1997). The U.S. Supreme Court emphasized the importance of finding a direct causal connection between a municipal conduct and the constitutional deprivation. *Springfield v. Kibbe,* 480 U.S. 257, 267 (1987). In *Springfield,* the Supreme Court recognized the possibility of tracing back almost any injury caused by a municipal agent to some municipal policy. *Id.* However, the Supreme Court held that such a remote connection "would eviscerate *Monell's* distinction" between vicarious liability and liability based on the municipality's direct constitutional violations. *Id.* at 268. Therefore, courts must analyze each case to determine whether a jury could reasonably conclude that a municipality's conduct was the moving force in the constitutional violation. *Id.*

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

The Ninth Circuit explained that the causation element in section 1983 claims can be established by "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy,* 588 F.2d 740, 743-44 (9th Cir. 1978).  Since then, the Ninth Circuit has held that plaintiffs must prove the official policy was the cause in fact <u>and</u> proximate cause of the constitutional deprivation.  *Trevino*, 99 F.3d at 918.

Plaintiffs cannot meet that burden here.  Washington County could not have reasonably known that its enforcement of, or alleged failure to enforce, certain terms in the Contract with Corizon would cause Ms. Pitkin's death.

Unfortunately, this remains a case where medical personnel made individual decisions about Ms. Pitkin's care, and though, in hindsight, these decisions may have been incorrect, the decisions of individuals are not the result of Washington County policy.  The decisions of individuals are also not something Washington County could have reasonably foreseen or anticipated as a result of the County's conduct.  All of the policies alleged by plaintiffs simply were not the moving force of Ms. Pitkin's death.  Washington County is entitled to summary judgment on the *Monell* claims in plaintiffs' complaint.

## II.     PLAINTIFFS' SUPERVISORY LIABILTY CLAIM FAILS BECAUSE PLAINTIFFS HAVE NOT NAMED A SUPERVISORY OFFICIAL OF WASHINGTON COUNTY.

Plaintiffs' fourth claim for relief alleges Washington County supervisors allowed, approved of, and ratified policies, customs or practices that caused Ms. Pitkin's death.  However, the fatal flaw to this claim is that plaintiffs named no supervisor in this lawsuit.  Supervisory liability concerns whether a supervisor's own action or inaction subjected a person to the deprivation of constitutionally protected rights, while municipal liability is entity liability.  *McGrath v. Scott*, 250 F. Supp. 2d 1218, 1222 (D. Ariz. 2003).

/ / /

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 15**

Municipalities are only liable under 42 U.S.C. § 1983 pursuant to *Monell*, and *Monell* holds that a municipality may not be held vicariously liable under section 1983. *Monell*, 436 U.S. at 691. Therefore, Washington County cannot, itself, be held liable under a supervisory liability theory.

A plaintiff may allege a claim against a supervisor for deliberate indifference based on personal involvement in the constitutional deprivation, or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Bacca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citing *Hansen v. Black*, 885 F.2d. 646 (9th Cir. 1989)). Either way, supervisory liability is against an individual. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (a plaintiff must plead that a government official defendant, through that official's own actions, violated the Constitution).

As plaintiffs' claim for supervisory liability against Washington County does not name a Washington County official or individual, the claim should be dismissed as a matter of law.

III.    **WASHINGTON COUNTY DID NOT HAVE THE RIGHT TO, NOR DID IT ACTUALLY, CONTROL CORIZON MEDICAL PROFESSIONALS' SPECIFIC PERFORMANCE OF MEDICAL CARE IN THE JAIL.**

Washington County contracted with Corizon to be the sole provider of medical services in the Jail. Plaintiffs' negligence – wrongful death claim (the fifth claim for relief) alleges conduct specifically related to Ms. Pitkin's medical care in the jail. Plaintiffs seek to hold Washington County liable for the actions of Corizon and its employees.

There are generally three questions under Oregon law in deciding whether an entity is vicariously liable for the actions or inaction of another. The first question is whether the parties have an agency relationship. *Viado v. Domino's Pizza, LLC*, 230 Or. App. 531, 533 (2009). If an agency relationship exists, the next question is the type of agency relationship. Is it an employee or nonemployee agency relationship? If the actor is a nonemployee agent,

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 16**

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

the third question is whether there is a sufficient nexus between the entity's "right to control" the actions of the agent and the specific conduct giving rise to the tort claim.  *Id.* at 540.

In order for an agency relationship to exist under Oregon law, two requirements must be met:  (1) an individual must be subject to another's control; and (2) the individual must act on behalf of the other person or entity.  *Vaughn v. First Transit, Inc.*, 346 Or. 128, 136 (2009).  For the purposes of this motion only, Washington County will assume there is an agency-relationship between it and Corizon.

The next question is to determine if Corizon is an employee or a nonemployee agent. When a principal has the right to control the physical details of the work performed, or how the agent performs the work, the agent is an employee-agent.  *Vaughn,* 346 Or. at 137. However, when an agent retains its own control over the details and way in which it performs its duties, the agent is a nonemployee agent.  *Id.*

The type of relationship dictates how liability may be imposed on a principal for the agent's conduct.  In an employee-agency relationship, a principal is generally liable for all torts committed by its agents while acting within the scope and course of employment. *Jensen v. Medley*, 336 Or. 222, 231 (2003).  However, a principal is only liable for the torts of its nonemployee agents when the principal had the right to control the specific conduct giving rise to the tort claim.  *Vaughn*, 346 Or. at 138.  In other words, a principal may only be held vicariously liable for the negligence of its nonemployee agent when the principal exercised the control that an employer exercises over an employee with respect to the specific conduct giving rise to the tort claim.  *Id.* at 139.

Washington County did not retain the right to control the details of how Corizon performed its work or the physical details of that work.  The Contract between them specifically established that Corizon:

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

- was an independent contractor and no employee of Corizon was a Washington County employee;

- was the sole provider of health care in the Jail[2];

- was responsible for determining "the appropriate means and manner of performing the work;"

- was to "identify the need, schedule, coordinate, arrange for or perform and pay for treatment and services" for health care to inmates in the Jail;

- was to provide a medical detoxification program for drug and/or alcohol addicted inmates;

- was to provide intermittent monitoring of detoxing inmates;

- was to provide a total pharmaceutical system for the Jail;

- was to provide all equipment and supplies used in the health care provided to Jail inmates;

- was to hire, train and supervise all health care staff; and

- was to form a medical audit committee "to be responsible for developing, recommending, and implementing all policies and procedures necessary for the operation of the health care program."

In turn, Washington's County's obligations under the Contract were:

- Determine the delivery schedule for Corizon's work;

- Evaluate and audit the quality of Corizon's work;

- Conduct security clearances on Corizon's staff who work in the Jail; and

- Provide the space, limited furniture, fixtures, utilities, telephone and security for Corizon to provide health care in the Jail.

---

[2] NCCHC essential standards required that medical providers in the Jail be able to maintain medical autonomy without interference with medical staff. Washington County specifically maintained compliance with this standard.

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Smith Decl., Ex. C, pp. 25-85.  The Contract provided that "the County cannot and will not control the means or manner of the Contractor's [Corizon's] performance."  Washington County's and Corizon's relationship was a nonemployee agency.

This case is similar to *Turner v. Multnomah County,* 2013 U.S. Dist. LEXIS 155369, at *1-2 (D. Or. Oct. 30, 2013).  There, the plaintiff brought suit against the Northern Oregon Correctional Facility ("NORCOR") for inadequate medical care resulting in severe injuries. NORCOR had contracted with Correctional Healthcare Management, Inc. ("CHM") to provide medical care at the facility.  *Id.* at *2.  The agreement between NORCOR and CHM specifically noted the parties were not creating an agency relationship or any relationship that allowed NORCOR to exercise control or direction over the manner or methods by which CHM performed its work.  *Id.* at *6-7.  NORCOR filed for summary judgment.  Despite noting the agreement provided few provisions giving NORCOR control over CHM's provision of services, but when viewing the facts in the light most favorable to the plaintiff, the Court concluded CHM could be considered subject to NORCOR's control in several aspects and held CHM was NORCOR's agent.  *Id.* at *9-10.

However, when next reviewing the type of agency relationship, the court noted no evidence suggested NORCOR controlled the way CHM employees treated patients.  *Id.* at *11.  The agreement at issue did not allow NORCOR to direct CHM employees in evaluating patients or how they came to their conclusions, nor did the parties ever intend to create an employment relationship; the work performed by the CHM employees was totally distinct from the work performed by NORCOR staff.  *Id.* at *11.  Thus, a CHM employee was, at most, a nonemployee agent.  *Id.*  As a result, the *Turner* court found that because Turner could not point to any facts suggesting NORCOR had the right to control the CHM employees' provision of medical services just as it would have had the right to control its own employees, NORCOR could not be held liable for the CHM employee's negligence.  *Id.*

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 19**

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Washington County's relationship with Corizon mirrored that of NORCOR and CHM. The relationship between Washington County and Corizon was, at best, a non-employee agency relationship. As a result, Washington County may only be held vicariously liable for Corizon's or Corizon's employees' treatment decisions if it had the right to control Corizon or Corizon's employees in the conduct given rise to Ms. Pitkin's claims. *See Vaughn*, 346 Or. at 139. Since Washington County had no right to control Corizon's or its employees' treatment decisions regarding Ms. Pitkin, Washington County may not be liable for those decisions. Plaintiffs' negligence claim against Washington County should be dismissed.

## IV.   CONCLUSION

Plaintiffs' *Monell* claims against Washington County fail as they are insufficient to demonstrate a widespread pattern and practice officially promulgated by the County deliberately indifferent to Ms. Pitkin's constitutional rights. Ms. Pitkin's treatment resulted from an individual decision based on medical judgments; no patterns and practices of Washington County were a cause in fact or proximate cause of her death.

Plaintiffs' supervisory claim against Washington County fails as a matter of law because Washington County may only be liable for its own policies pursuant to *Monell*, and there are no Washington County supervisory officials named in the lawsuit for this form of individual liability.

Last, plaintiffs' negligence claim against Washington County fails, as Washington County did not retain the right to control Corizon's manner of delivery of medical treatment in the Jail, and thus, the County may not be liable for Corizon's form of medical treatment for Ms. Pitkin in the Jail.

/ / /

/ / /

/ / /

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 20**

As a result of the above, Washington County respectfully requests that this Court grant its motion for summary judgment and dismiss plaintiffs' second, third, fourth and fifth claims against it.

Respectfully submitted this 3rd day of October, 2018.

**BODYFELT MOUNT LLP**

BY:    s/ Vicki M. Smith
        Vicki M. Smith, OSB No. 015110
        Email: smith@bodyfeltmount.com
        Jamie T. Azevedo, OSB No. 050370
        Email: azevedo@bodyfeltmount.com
        Phone: (503) 243-1022
        Fax: (503) 243-2019

        Of Attorneys for Defendant Washington County

**DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 21**

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true copy of the foregoing **DEFENDANT WASHINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT** on the following attorneys on the date noted below via the following method:

| | |
|---|---|
| Timothy J. Jones<br>Tim Jones PC<br>888 SW Fifth Avenue, Suite 1100<br>Portland, OR 97204<br>Email: tim@timjonespc.com<br><br>*Of Attorneys for Plaintiffs* | John M. Coletti<br>Paulson Coletti Trial Attorneys PC<br>1022 NW Marshall St., Ste. 450<br>Portland, OR  97209<br>Email: john@paulsoncoletti.com<br><br>*Of Attorneys for Plaintiffs* |
| Shenoa L. Payne<br>Richardson Wright LLP<br>805 SW Broadway, Ste. 470<br>Portland, OR 97205<br>Email: shenoa@richardsonwright.com<br><br>*Of Attorneys for Plaintiffs* | |
| Richard K. Hansen<br>Anne M. Talcott<br>Schwabe Williamson & Wyatt PC<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR  97204<br>Email: rhansen@schwabe.com<br>Email: atalcott@schwabe.com<br><br>*Of Attorneys for Defendants Corizon Health, Inc., Joseph McCarthy, M.D., Colin Storz, Leslie O'Neil, CJ Buchanan, Louisa Duru, Molly Johnson, Courtney Nyman* | Kenneth P. McDuffie<br>Nall & Miller, LLP<br>235 Peachtree Street NE<br>North Tower, Ste. 1500<br>Atlanta, GA 30303<br>Email: kmcduffie@nallmiller.com<br><br>*Of Attorneys for Defendant Corizon Health, Inc.* |

Method:  ☐ US Mail, postage prepaid
  ☐ Facsimile
  ☐ Hand Delivery
  ☒ CM/ECF Electronic Service

Dated this 3rd day of October, 2018.

BY:   __s/ Vicki M. Smith_____
  Vicki M. Smith, OSB No. 015110
  Email: smith@bodyfeltmount.com
  Jamie T. Azevedo, OSB No. 050370
  Email: azevedo@bodyfeltmount.com
  Phone: (503) 243-1022
  Fax: (503) 243-2019
  Of Attorneys for Defendant Washington County

**CERTIFICATE OF SERVICE – Page 1**